Filed 10/2/25  P. v. Williams CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JESSIE RAY WILLIAMS,<br><br>  Defendant and Appellant. | B337625<br><br>Los Angeles County<br>Super. Ct. No. TA131992 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Dismissed.

Kree Donalyn Filer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Jessie Ray Williams appeals from the superior court's order denying a petition to recall his 2014 sentence and resentence him under Penal Code section 1172.1.[1]  Appellate counsel asks us to follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.[2]  Because we conclude the superior court's order is not appealable, we dismiss the appeal.

## BACKGROUND

On October 24, 2014, a jury convicted Williams of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count 6).  The jury also found that he personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The trial court found that Williams sustained four prior convictions which were alleged as prior serious felony convictions (§ 667, subd. (a)(1)) and prior felony convictions under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On March 4, 2015, the trial court sentenced Williams to 31 years in state prison.  On April 26, 2016, this court affirmed the conviction on direct appeal.[3]

On January 18, 2024, Williams filed a petition for recall and resentencing pursuant to section 1172.1.  He requested that the superior court consider his medical conditions, rehabilitation efforts, completion of courses, and 10 years of incarceration

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The *Delgadillo* procedures apply to appeals from orders denying postconviction relief under section 1172.1.  (*People v. Rosemond* (2025) 108 Cal.App.5th 667, 673.)

[3]     *People v. Williams* (Apr. 26, 2016, B262822) [nonpub. opn.].

without discipline.  February 14, 2024, the superior court summarily denied Williams's petition.

Williams appealed and we appointed counsel to represent him.  Counsel filed an opening brief stating she had "reviewed the entire case record" and had "found no arguable issues to raise on appeal."  Counsel requested that we follow the procedures in *Delgadillo* and exercise our discretion to conduct an independent review of the record.  Counsel stated she had written to Williams and advised him he could submit a supplemental brief.  Counsel also stated she would send a copy of her brief and the transcripts of the record on appeal to Williams.

On July 21, 2025, Williams filed a supplemental brief with this court.  It documents his remorse, his abusive childhood, and his efforts toward rehabilitation.

## DISCUSSION

Generally, a trial court cannot resentence once execution of the sentence has begun.  (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)  But section 1172.1 provides for a trial court to recall a sentence and resentence a defendant on its own motion within 120 days of commitment for any reason "rationally related to lawful sentencing."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [discussing former § 1170, subd. (d)].)  Or it may resentence on its own motion "at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law."  (§ 1172.1, subd. (a)(1).)  A court may also resentence at any time at the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, or the Attorney General. (*Ibid.*)

3

A trial court's denial of the defendant's request to recall his sentence does not affect his substantial rights under section 1237, subdivision (b). (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985, 999 (*Hodge*); *People v. Roy* (2025) 110 Cal.App.5th 991, 998 (*Roy*).) Section 1172.1 does not permit a defendant to file a petition seeking relief. (§ 1172.1, subd. (c).) A defendant who files "an unauthorized request for resentencing has no right to a ruling." (*Hodge*, at p. 996; *Roy*, at p. 998.) Section 1172.1 does not require that the court consider resentencing at a defendant's request or even respond to it. (§ 1172.1, subd. (c); *Faustinos*, at p. 696; *Hodge*, at p. 991; *Roy*, at p. 998.)

The superior court's postjudgment order is not appealable because it did not affect Williams's substantial rights. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 693; *Hodge*, *supra*, 107 Cal.App.5th at pp. 963, 999; *Roy*, *supra*, 110 Cal.App.5th at p. 1001.) We dismiss the appeal because there is no appealable order.

4

**DISPOSITION**

We dismiss the appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:



EDMON, P. J.



ADAMS, J.